UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:13-cr-00106-JAW |
| | ) | |
| TOBIN WHITE | ) | |

**ORDER ON DEFENDANT'S MOTION TO DISMISS INDICTMENT**

Charged with possession of a firearm after being convicted of a misdemeanor crime of domestic violence under 18 U.S.C. § 922(g)(9), Tobin White moves to dismiss the indictment, claiming that because the Maine misdemeanor assault statute allows for a conviction based upon offensive physical contact, the United States Supreme Court decision of *Johnson v. United States*, 559 U.S. 133 (2010), requires that his assault conviction not be considered a predicate conviction as a misdemeanor crime of domestic violence under § 922(g)(9). Because the First Circuit already rejected this argument in *United States v. Armstrong*, 706 F.3d 1 (1st Cir. 2013), this Court applies existing First Circuit precedent and denies Mr. White's motion.

**I.    STATEMENT OF FACTS**

On June 13, 2013, a federal grand jury issued an indictment against Tobin White, charging him with possession of a firearm after having been convicted of a misdemeanor crime of domestic violence in violation of 18 U.S.C. § 922(g)(9). *Indictment* (ECF No. 1). Specifically, the indictment alleged that on February 12, 2013, Mr. White possessed a firearm, after he had been convicted of assault in

violation of title 17-A, section 207 of the Maine Revised Statutes. *Id.* Under Maine law, a person is guilty of assault if he "intentionally, knowingly or recklessly causes bodily injury or offensive physical contact to another person." 17-A M.R.S. § 207(1)(A).

## II.   THE PARTIES' POSITIONS

On September 23, 2013, Mr. White moved to dismiss the indictment. Mr. White asserts that *Johnson v. United States* requires dismissal because—absent clarifying *Shepard*-permissible documents[1]—the state assault to which he pleaded guilty in 2003 may have involved only "offensive physical contact," and this level of contact does not qualify as a crime of domestic violence in violation of 18 U.S.C. § 922(g)(9) as interpreted in *Johnson*.[2] *Def.'s Mot. to Dismiss* (ECF No. 18). Mr. White contends that the *Johnson* Court's analysis of the definition of "physical force" for purposes of the Armed Career Criminal Act (ACCA) should "be extrapolated" to guide this Court as to whether non-violent offensive physical contact under the Maine domestic assault statute is a "misdemeanor crime of violence" under § 922(g)(9). *Id.* at 3. As such, Mr. White maintains that his Maine

---

[1]   In *Shepard v. United States*, 544 U.S. 13 (2005), the United States Supreme Court allowed a sentencing court to take into consideration certain limited documents to determine the facts underlying a prior conviction under the Armed Career Criminal Act. *Id.* at 25. Here, there are no *Shepard* documents that permit this Court to clarify the facts underlying Mr. White's assault conviction. *See Def.'s Mot. to Dismiss* at 5 ("the *Shepard* materials do not provide the Court any assistance in discerning whether the Defendant was convicted of an offense involving force with violence or not").

[2]   The Maine criminal complaint reads:

> On or about February 14, 2003, in Bradford, Penobscot County, Maine, **TOBIN WHITE**, did intentionally, knowingly, or recklessly cause bodily injury or offensive physical contact to Brandy White.

*Gov't Resp. to Def.'s Mot. to Dismiss Indictment*, Attach. 1, *Criminal Compl.* (ECF No. 20-1).

assault conviction should not count as a predicate misdemeanor crime of domestic violence for purposes of his alleged firearm possession and that the indictment must be dismissed. *Id.* at 2-5. The Government objects, contending that Mr. White's argument runs contrary to settled First Circuit law. *Gov't's Resp. to Def.'s Mot. to Dismiss Indictment* (ECF No. 20).

### III. DISCUSSION

The First Circuit has considered and firmly rejected Mr. White's argument. Before *Johnson*, the First Circuit decided *United States v. Nason*, 269 F.3d 10 (1st Cir. 2001), in which it reasoned that offensive physical contact in the Maine misdemeanor assault statute "by necessity, requires physical force to complete." *Id.* at 21 (*quoting United States v. Smith*, 171 F.3d 617, 621 n.2 (8th Cir. 1999)). On this basis, the First Circuit concluded that convictions for offensive physical contact assaults "upon persons in the requisite relationship status qualify as misdemeanor crimes of domestic violence within the purview of 18 U.S.C. § 922(g)(9)." *Id.*

In *United States v. Booker*, 644 F.3d 12 (1st Cir. 2011), the First Circuit addressed whether *Johnson*'s holding on the ACCA required a reassessment of *Nason*. Noting that the "case for analogizing § 922(g)(9) to § 16 [of the ACCA] is particularly weak," and that the Supreme Court itself had "rejected the notion that its case law interpreting the phrase 'use . . . of physical force' under the ACCA would control the interpretation of that phrase under § 922(g)(9)," the First Circuit declined to interpret "the statutory definition of 'misdemeanor crime of domestic violence'" as prescribing "an intentional mens rea." *Id.* at 19-21. The First Circuit

in *Booker* thus held that "an offense with a mens rea of recklessness may qualify as a 'misdemeanor crime of domestic violence' under § 922(g)(9)." *Id.* at 21.

The First Circuit's view as to whether a violation of the "offensive physical contact" portion of Maine's assault statute after *Johnson* would satisfy the "misdemeanor crime of domestic violence" language in § 922(g)(9) might have been predicted from *Nason* and *Booker*.  However, this exact question remained unanswered until *Armstrong*, where the First Circuit addressed the precise issue Mr. White now raises in his motion to dismiss.  *See* 706 F.3d at 2-6.  Mr. Armstrong contended that "18 U.S.C. § 922(g)(9) should be construed to exclude a purportedly non-violent offensive physical contact misdemeanor conviction as a predicate offense."  *Id.* at 2.  The *Armstrong* Court wrote that Mr. Armstrong's "attempt to challenge this court's precedent through the Supreme Court's ruling in *Johnson v. United States* is unavailing."  *Id.* at 6.  The First Circuit "fail[ed] to see how a conviction for an offensive touching such as the offensive physical contact for which Armstrong was convicted fails to constitute a predicate offense based on our prior interpretation of § 922(g)(9) predicate offense requirements of 'physical force'."  *Id.*

## IV.   CONCLUSION

The First Circuit's trilogy of *Nason*, *Booker*, and *Armstrong* dooms Mr. White's motion to dismiss the indictment and the Court therefore DENIES Tobin White's Motion to Dismiss (ECF No. 18).

4

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 18th day of October, 2013